The government's 28-J memo raises a new issue of whether this circuit has jurisdiction over facial challenges. There are three reasons to reject that claim. The first is that the government's appeal brief expressly waived this issue by expressly conceding de novo review in this court of the facial challenge, and the government's made no showing of excusable neglect for missing a 2003 case. Kagan Are we sort of bound by the statute, though? I mean, that goes to our jurisdiction. If it's not, I don't think that's – that would be a waivable issue. Katyal That's correct, and that's – my third point is on the merits, it fails because the government doesn't dispute that the Supreme Court has held that the defendant has a right to raise a facial challenge in a criminal case, and that this – and in other places, the Sixth Amendment gives the defendant a criminal – a right to a criminal trial in the district where the crime is committed and to appointed counsel if he's indigent, as is Mr. Szabo. And Congress could not have attended by that statute to require a pro se defendant or a indigent defense with Federal counsel to raise some sort of civil action in the case pending. Kagan So do you have a case that would say that this jurisdictional statute or a jurisdictional statute such as this one doesn't apply in a criminal case? Katyal I think I don't have a case on that except for the cases which would show that that would be unconstitutional as applied to this case in the sense that the first – that itself, that procedural application of the law would be unconstitutional because that would be unconstitutional as applied to Mr. Szabo. If he's not precluded from raising his as-applied challenge, he can still say that the regulation is unconstitutional as applies to him, correct? Katyal Sure, but that would create a difference between an indigent defendant who has no ability to raise the additional issue and a rich defendant who violates this statute who could bring such a claim. Unless you were to construe that that statute indirectly authorizes my office to bring a collateral claim in the District of Columbia while with expedited litigation, that's the only procedural nightmare that Congress could never have intended, or it is itself a violation of the Constitution to apply it to Mr. Szabo that way. Kagan So you're proposing that we strike down or read in an exception to the 38 U.S.C. 502, is that correct? Katyal Yes, that would be a way. I would – if we were to go that way, I would ask for leave to give further briefing to propose ideas for that. And the alternative might – the government's position seems to be that our office should have stayed the criminal case and brought a separate civil action, and of course, how would that be done? That is a completely new theory. Kagan So assuming that we're bound by the statute and that you can't bring a facial challenge here, do you concede you don't have an as-applied challenge, or what's your argument on that? Katyal No, our as-applied argument is that the defendant – as-applied depends on what the defendant actually was convicted of doing, although there is some evidence in the record that would, if believed, be perhaps outside a facial challenge. If we look at what the judge actually ruled, the judge ruled he was guilty with no explanation, and the government argued all three prongs of the statute, unusual noise, loud and abusive, or otherwise improper speech, or impedes or disrupt. And the court expressly held that all three prongs applied. So the defendant and the judge never said what she actually believed happened and what prong he was actually convicted of. Kagan So counsel, let me just ask, are you arguing that the First Amendment protected your client's conduct? Katyal Much of his conduct, and what we don't there, the noise that he was trying to communicate with his doctor, indirectly through this agent of the VA, he's trying to get treatment. Doctor-patient communication is, in some way, is a protected speech. And this is a disruptive speech. Kagan But didn't he disrupt the Veterans Hospital? Katyal There was evidence that said he was disruptive, but the judge never found that that was true. There was disputed evidence about everything, and the judge never actually the judge could easily have dodged the issue by saying, I find he disrupted it. But the judge excluded it, and the judge expressly, in the record, it the record could be interpreted that he was convicted of just unusual noise or otherwise improper speech. Kagan But how was it unclear that the regulations apply to your client's conduct? Wasn't he uttering loud obscenities and threats? The regulation prohibits the use of loud and abusive language. It appears that his conduct fits within these terms. What is your response? Katyal Well, abuse, the regulation also prohibits otherwise improper, and we don't know whether the judge found that his conduct, whether the judge found all of that evidence to be credible. The judge, there was evidence that Mr. Szabo didn't remember things very well, and there was disputed evidence. The judge did find that Mr. Szabo was there in need of treatment, and the – if the judge said, I believe absolutely everything the government's witness said, that would be different. The judge didn't say that. The judge could have believed only the slightest bit. And in upholding this as applied to him, we don't know what the facts the judge believed, but it's the facts the judge convicted him on which determine whether or not an as-applied challenge. So here there is – it is not a particularly clear as-applied challenge because the – we have a large amount of evidence. We have evidence toward all three prongs, but the judge didn't decide which prong. Had the judge – Kagan. Well, you can see there was a large amount of evidence here, from which the judge could find. The judge could have perhaps found that it was – But it's unclear that he made that finding, or – It seems clear that the judge didn't, because the defense was arguing probably incorrectly that disrupting is actually necessary under the text of the statute. Our position is disrupting would be proper under the First Amendment, but the judge dodged that issue and didn't find there was any disrupting and expressly said the government didn't need to prove it. So it seems to suggest strong evidence the judge didn't find. Let me ask another question about Dr. Herschel's testimony. Why wasn't it relevant? You objected to it, given that our circuit doesn't allow a defendant to assert a diminished-capacity defense to a general-intent crime. It is a general-intent crime, is it not? That's right. But the question of whether conduct, whether what he was doing was otherwise improper or whether it was unusual noise, those are objective standards. And an expert who knows about psychiatric hospitals is relevant evidence. And in this case, the judge excluded it because it wasn't a Veterans Hospital question. Well, what was he going to testify to? I thought the whole thing was to dealing with his capacity to form requisite intent because of his mental illnesses and the like. Well, there was also the fallback position was that it was – that the testimony was generally admissible toward the context, and the judge excluded on that as well. But, you know, he's called as an expert, right? He doesn't need expert testimony about context. He was brought on, as I understand it, strictly to testify about his mental status. And as my colleague has mentioned, this is a general-intent crime. That evidence is irrelevant, is it not? On that issue, but the judge did rule on the other issue as well and later said that the context does not matter. Well, you know, I can say how does it matter? I mean, the judge can give testimony, no problem at all. You don't need an expert for that. Well, because – Why is it relevant? And more importantly, why is it at worst, why would it be harmful? Why wouldn't it be harmless error for purposes of the government? Well, if the judge were to convict on disrupting, it would be irrelevant. But in terms of whether or not the conduct in that setting is otherwise improper or whether the noise is unusual, if anything, a veterans' hospital full of veterans who have been through combat, who have been through boot camp, that's going to be a higher standard than the kind of hospitals that this expert, the second – That's a legal determination, is it not? He's not an expert in that. No, it's an objective standard. I'm sorry. The question is whether it's unreasonable and whether it's proper and – Counsel, I would suggest to you, when you're talking about an evidentiary issue, your cases aren't going to rise and fall on this. This is a rather, you know, basically it's an abuse of discretion standard. Do you think that the judge abused her discretion in this case in excluding this? Well, I think it does because it impacts on the First Amendment issues. It shows that – Okay. But you're jumping off the question here. What I'm asking you is, did the judge abuse her discretion in excluding this testimony? I think, yes, because – How do you get to that? Because – Very, very – we give the judges huge discretion in this thing. It's got to be enormously prejudicial for you to win that battle. Because it shows that the judge was applying a personal, unusual standard or a personal view of improper rather than an objective – Well, the judge is a person, of course, but the judge is deciding as a judge in her determination that this was – this was not proper. It wasn't relevant, given the fact this is a general intent crime. What's wrong with that? Because it explains what – how the judge is viewing the statute. It's not like a jury issue. A jury, it might have been harmless, because we don't know what it would have done. What we know is that the judge knew what the evidence was and considered it irrelevant to herself. So it has – it explains that her view of improper is one that does not take into account any objective factors, and that's where I think it's – You lost me there. That's metaphysical. Because the judge has to determine whether the defendant's conduct was otherwise improper. And how can the judge determine that unless the judge knows the general context and the judge's decision-finding that that was improper, that perhaps that this conduct was improper without paying any attention to the general context? That is part of the judge's ruling that convicted the defendant of misdemeanor     Counsel, we will stop for a moment and then come back. We must have time. Do we have more time, Counsel?  Two and a half, please. Good morning, Your Honors. Ashwin Janakaram on behalf of the government. I saw you coming late, and I want to assure you that we did very little before you arrived. Thank you, Your Honor. This case is about the government's ability to regulate disruptive behavior at a VA hospital. The defendant has raised four claims on this appeal under the First Amendment, a facial and as-applied challenge, a Fifth Amendment void-for-vagueness challenge on a facial attack of the statute, as well as the exclusion of expert challenge that was just discussed. Two of these claims are facial attacks on the statute. And under 38 U.S.C. 502, facial challenges under the statute must be directed to the Federal Circuit Court of Appeals. So opposing counsel says that couldn't apply in a criminal setting. Do you want to address that? Yes, Your Honor. It has applied in a criminal setting, and U.S. v. Roper, the Eastern District of New York, specifically raised and addressed this issue. It was then appealed to the Second Circuit, which did not disturb that ruling. The Court found that 38 U.S.C. 502 specifically requires any facial challenge to a VA regulation that is the process of rulemaking go to the Federal Circuit. Your Honor, the regulation at issue here, Section 1.218a.5. Is it Federal Circuit or D.C. Circuit? Federal Circuit, sir. Correct. The regulation at issue here was published in the Federal Register in 1985. Therefore, it comes within the scope of 38 U.S.C. 502 on its face as informal rulemaking. In Roper, some of the same contentions raised here today were addressed by the Court and, again, subsequently not disturbed on appeal by the Second Circuit. Namely, the administrative infeasibility was one of the arguments as well, combined with a due process argument. Roper held, since the defendant had the ability to assert an as-applied challenge, there was no due process issue. Your Honor, that can be taken one step further by putting the First Amendment claims in context here. A facial challenge is the exception to the general rule in terms of standing to raise a First Amendment challenge. And here, Congress has specifically circumvented any court of appeals' ability or any appellate court's ability to hear a facial challenge that has to go to the Federal Circuit. And in that case, Your Honor, that leaves only two issues to address on appeal here, the as-applied First Amendment challenge as well as the exclusion of expert testimony. With respect to the as-applied challenge, as the defense has already conceded, this is the lowest standard for review in this case. Can I get back to this Roper? Roper is a district court case, and I take it we have it. The Ninth Circuit hasn't ruled on it. So the argument would be in the First Amendment context is somewhat different, and you can make a facial challenge that the statute is unconstitutional even if it could be applied to your activities. And so in a criminal case, a criminal defendant can say this statute is unconstitutional. I can't be convicted under it even though what I did could the statute could be applied. So this Section 502 precludes a criminal defendant from making that sort of defense. And so what's the constitutional, what's the argument that it doesn't, that doesn't matter, that they're precluded from raising that sort of defense? Two things, Your Honor. First, the defendant's not precluded from raising a facial attack. He's just precluded from doing so in this court. It specifically directs which court can hear the facial attack. And procedurally, how would he then proceed? So we have a criminal defendant who's being prosecuted for violating a regulation that he believes is unconstitutional because of it's too broad or vague or whatever the claim is. And the regulations as well as the Federal Circuit rules set forth how such a challenge would be made. First, the defendant, and this could operate in a number of ways. So first, the defendant's going to bring his as-applied challenges here because they're not within the scope of 38 U.S.C. 502. Second, the defendant would name the Secretary of Veteran Affairs as a defendant. And in fact, Your Honor, the Ninth Circuit has indirectly addressed this issue in one of the cases cited by the defendant, which is Preminger v. Principi, where the Ninth Circuit addressed this very issue dealing with a sister regulation in 1.218a, in that case, A14 instead of A5. Can you repeat the name of the case again? Sure. It's Principi v. Preminger, Your Honor. Yes, I can, Your Honor. Preminger is P-R-M-I-N-G-E-R v. Principi. That wasn't a criminal case, though, was it? That's correct, Your Honor. As I said, it indirectly addresses this very issue because it deals with the procedural process to bring such a claim. And what's the site on that? Yes, Your Honor. The site is 422 F3D 815. Thank you. And specifically, the jurisdictional issues are addressed on pages 821 through 824, Your Honor. And in that case, the Ninth Circuit, interestingly enough, addressed the very same issue in a civil context, where there was a facial challenge to the statute, and it went over the procedure for raising it in the Federal Circuit. The Court also noted the application, even more important to this case, of the disorderly conduct regulation at issue here, sister regulation under subsection A14 instead of subsection A5. And, Your Honor, if you look also at the general APA provisions applicable to any challenges of an agency's regulation, which includes 5 U.S.C. 703, it makes clear that it applies to both criminal and civil proceedings, and that only in the absence of a statute specifically directing jurisdiction would the Court have jurisdiction in a regional circuit to address the issue. More importantly to this case, Your Honor, when you ask the defense counsel the basis for not hearing a jurisdictional issue, beyond the administrative concerns, he raised two other cases that addressed the facial challenge. U.S. v. Roper actually distinguishes those two other cases, those being U.S. v. Fentress and U.S. v. Dyers, district court cases. The Fentress decision, interestingly, actually cites to 38 U.S.C. 502, but simply cites in a one-sentence address to 7 U.S.C. 503, which is a statute I just discussed talking about general jurisdiction. However, 5 U.S.C. 703 specifically provides if jurisdiction is provided otherwise, in this case the Federal Circuit, then it doesn't apply. Secondly, in U.S. v. Dyers, the government raised the same argument being 38 U.S.C. 502. With no analysis, the Court simply said it didn't apply. All right. That's a jurisdictional issue, Your Honor. To the extent it applies here, the Court wouldn't have subject matter jurisdiction for any of the facial challenges, which leads, then, to the First Amendment as-applied challenge. When looking at the as-applied challenge, the main question in this case is what was the reasonableness of the government's regulations? Essentially, it's a rational basis review. Here, the regulation is designed to serve the VA is designed, its mission is to serve veterans. In a hospital setting, that concern is heightened. Veterans have potential sensitivities, post-traumatic stress disorder, a number of conditions which require a calm, restful, and relaxing environment. But the regulation in particular refers to improper language and unusual noise. My question is, improper language and unusual noise, are they always disruptive? No, Your Honor, they're not. And, in fact, this regulation has been interpreted by three other courts, including the Sixth Circuit and U.S. v. Williams. And in each case, the Court specifically interpreted the statute to require a disruption to operations. Okay. That's the Court's ability and power to narrow a statute for constitutionality purposes. On here, the VA regulation is titled, Disturbances, and then endeavors to list subject matter that would tend to cause disturbances. And that includes loud and improper noise. Excuse me, loud noise and improper conduct. Now, the statute needs to be read as a whole. The defense attempts to parse individual portions of the statute and argue it's ambiguous on its face. But the regulation does not limit its scope to disruptive conduct. In fact, only one of the regulation's six discrete causes bars disruptive conduct. And by using the term disruptive in only one cause out of six, it appears to me that the regulation's other causes are not limited to disruptive conduct. Isn't that right? That's correct, Your Honor. On its face, the statute does not specifically tie all five or six categories of conduct to disturbances. I believe the one category you're referring to is where the job activities of a government employee is disturbed. Now, there's five other categories or four other categories of conduct in 218a-5. And those categories, again, have been judicially narrowed and constructed for constitutionality purposes to require disruptions to operations. And, Your Honor, that was done in this case as well. We need not decide whether or not a violation could hold in the absence of a disruption to operations, because the district court in this case specifically ruled and held that the elements were met with a disruption to operations. There was a lot of evidence that it was a disruptive outburst in the lobby of the hospital, correct? That's correct, Your Honor. And we're just looking at as applied to this defendant? As applied to this defendant, Your Honor. And this case isn't about swear words or even interactions with government employees. It goes well beyond that. The testimony in the magistrate court found that the defendant's voice took up the entire reception area. Patients moved away from the reception area. Government employees fled their post. It took three to four security officers and VA police to ultimately restrain the defendant. This was a significant disturbance to operations. On as applied challenge, which we're addressing here, Your Honor, there can be no question that the defendant disturbed operations. And this Court need not decide whether or not the statute requires narrowing to require a disruption to operations at the VA. Finally, Your Honor, if I may move to the last point here, that is not a facial challenge. The defendant contends that exclusion of Dr. Hershout's testimony was an abuse of discretion. Now, there was significant briefing in the magistrate court in a motion in limine with respect to Dr. Hershout's testimony. It was briefed by both sides, and there was oral argument entertained. In that oral argument, the magistrate court essentially went out of its way to determine what exactly is the relevance of Dr. Hershout's testimony. It is now undisputed that this Court does not allow diminished capacity evidence for general intent crimes. We know this is a general intent crime. The defense argues there was something more than diminished capacity evidence. In other words, there was something more than the defendant's ability or capacity to form the requisite intent of being conscious and aware of his conduct. And the record below demonstrates that the magistrate court entertained evidence of the mens rea intent element. I thought they also wanted Dr. Hershout to testify about what was common practice at mental hospitals she was familiar with, not including VA hospitals. That's correct, Your Honor. And the district in the magistrate court found that testimony wasn't helpful. As a non-expert, that would be opinion testimony on one hand, Your Honor. On the other hand, it's also explicitly clear from the record that Dr. Hershout had never worked at a VA, and it's questionable whether she's even been in a VA. So her testimony on what would be normal or routine practice at a VA would be completely speculative, Your Honor. And on those grounds, the magistrate court found that testimony simply wasn't helpful and also that it served as an end run around the diminished capacity evidence ruling, and that's why it was precluded, Your Honor. But that being said, just to underscore the point, the record is also clear the defendant had an abundant opportunity to present evidence as to the intent element in this case, and that's present from pages 210 to 213 in the excerpts of the record, as well as 223 to 224. The defendant discusses his prescriptions, his medications, why he was at the hospital, what he actually intended to do. He claimed he didn't intend to disrupt operations, but that was the consequence of his actions. And that's why we're here, Your Honor. If the Your Honors have no other questions, the Government will submit on its pleas. Thank you. Thank you. Do we have a little time for rebuttal, counsel? Just briefly. If you agree with the Government that you have no jurisdiction over the facial challenge, that would be that the district court did err in its decision and the case should be remanded for the district court to vacate that decision with leave for the defense counsel to raise that issue in a separate circuit, in the Federal Circuit. I don't see any prejudice to the defendant from that sort of delay. I don't see any way to get around that if you agree with the Government's argument. What you can do is uphold the district court's denial of a ruling on a facial challenge if you have no jurisdiction to do that. The Government argues that this regulation is about disruptive behavior and argues that that's been sort of interpreted into the statute. But whether or not that's true, that's not what the defendant was convicted of. If we look at the record, page 232, the Government argued each of the three prongs separately, unusual noise, loud, abusive, or otherwise improper, meaning quiet, non-abusive improper speech, or in the alternative, disruption. And the Court found that the Government could prove in the disjunctive, and then the judge never said which of the three prongs was disjunctive. Did you argue that based on the evidence it wasn't that the conduct of your client was not disruptive? Did you argue that in the district court? Yes, I believe they did say that that was not disruptive or that that was disputed on the facts. I think that if believed, some of it would have been, but it's not clear exactly what the judge believed, happened in the confused circumstance. If the Court were to remand, it's a bench trial. It's very easy for the Court to reopen and rule on that, either to avoid the facial challenge by the disrupting prong, which could, if severed out, stand on its own. But as to the other prongs, it's quite possible from the record that the defendant was convicted of just for being loud. Okay. Thank you very much. Thank you both. The case just argued is submitted.
judges: Nelson, Smith, Ikuta